**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

JOSE MELLADO, D.M.D., )
)
Plaintiff, )
)
v. ) C.A. No. 2023-0791-BWD
)
ACPDO PARENT INC., )
)
Defendant. )

**ORDER DENYING CROSS-MOTIONS FOR AN AWARD OF
ATTORNEYS' FEES AND EXPENSES**

WHEREAS:

A.      On July 21, 2023, plaintiff Jose Mellado, D.M.D. ("Plaintiff"), served a demand on defendant ACPDO Parent Inc. (the "Company") seeking to inspect books and records pursuant to Section 6.2 of the Company's bylaws and 8 *Del. C.* § 220(d) (the "Demand").

B.      On August 2, 2023, Plaintiff filed a Verified Complaint for Inspection of Books and Records, seeking an order compelling the Company to produce the books and records sought in the Demand. Dkt. 1.

C.      Eleven days before trial, on November 3, 2023, the Company filed a Motion for Inferences, to Show Cause, And/Or Compel Wrongfully Withheld Discovery (the "Motion for Inferences"). Dkt. 60. In the Motion for Inferences, the Company argued that Plaintiff had improperly withheld documents and refused to answer questions at his deposition concerning his communications with the Florida

Agency for Healthcare Administration ("AHCA") as part of an ongoing investigation into fraudulent Medicaid billing practices at the Company, on the basis that AHCA had instructed Plaintiff not to disclose details about its investigation. *Id*. ¶ 60. At a November 8, 2023 pre-trial conference, the Court took the Company's request for adverse inferences under advisement. Dkt. 69.

D.    On November 14, 2023, the Court held a one-day trial to resolve Plaintiff's entitlement to the Company's books and records in response to the Demand. Dkt. 83.

E.    Following post-trial briefing, on November 21, 2023, the Court issued a Post-Trial Final Report, setting forth detailed factual findings and legal analyses that are incorporated by reference herein. Dkt. 89.[1] The Post-Trial Final Report resolved the Motion for Inferences, first explaining:

> "When a party objects to providing discovery, '[t]he burden . . . is on the objecting party to show why and in what way the information requested is privileged or otherwise improperly requested.'" *Van de Walle v. Unimation, Inc.*, 1984 WL 8270, at *2 (Del. Ch. Oct. 15, 1984). To be clear, Plaintiff has not invoked privilege or identified any particular immunity, defense, or other legal doctrine to justify his refusal to produce discovery relevant to the Company's defenses. Rather, Plaintiff simply claims that he has been instructed not to disclose information concerning AHCA's ongoing investigation and that he believes he may suffer adverse consequences if he does not comply. Notably, Plaintiff has refused to identify who provided that instruction to him, when the instruction was made, or the precise parameters of the instruction. If AHCA's instruction was made in

[1] *See Mellado v. ACPDO Parent Inc.*, 2023 WL 8086840 (Del. Ch. Nov. 21, 2023) [hereinafter, "Post-Trial Final Report"].

2

writing, Plaintiff has not produced it—the only evidence of such an instruction is Plaintiff's self-serving testimony. Likewise, assuming the instruction is real, there is no evidence that Plaintiff ever sought permission or clarification from AHCA to confirm what he might be permitted to disclose in this litigation.

Post-Trial Final Report at *9. Under those facts, the Post-Trial Final Report concluded that the Company's request for "adverse inferences"—effectively a default judgment—was "too extreme[,]" but that "some remedy [wa]s needed to address Plaintiff's refusal to provide relevant discovery concerning AHCA." *Id.* at *10. As a result, the Post-Trial Final Report explained that "a more moderate remedy by shifting the burden of proof to Plaintiff is the fairest way to address the Company's inability to seek full discovery into Plaintiff's communications with AHCA" and, accordingly, "the burden should shift to Plaintiff to prove by a preponderance of the evidence that his primary purpose for making the Demand is not improper." *Id*. After shifting the burden, the Post-Trial Final Report concluded that judgment should be entered for Plaintiff. *Id*. at *19.[2]

F.     On January 8, 2024, the Company filed a Motion to Shift Certain Fees ("the Company's Motion"). Def.'s Mot. to Shift Certain Fees [hereinafter, "Def.'s Mot."], Dkt. 97. On January 22, 2024, Plaintiff filed a Cross-Motion to Shift Fees

---

[2] In response to the parties' competing requests for an award of attorneys' fees and costs, the Post-Trial Final Report advised that "[n]either party is precluded from filing a motion for fees within thirty days of this final report becoming an order of the Court." Post-Trial Final Report at *14.

and Opposition to Defendant's Motion to Shift Certain Fees ("Plaintiff's Motion," and together with the Company's Motion, the "Motions"). Pl.'s Cross-Mot. to Shift Fees and Opp'n to Def.'s Mot. to Shift Certain Fees [hereinafter, "Pl.'s Mot."], Dkt. 103. On February 2, 2024, the Company filed an Opposition to Plaintiff's Cross-Motion to Shift Fees and Reply in Further Support of its Motion to Shift Certain Fees. Def.'s Opp'n to Pl.'s Cross-Mot. to Shift Fees and Reply in Further Supp. of its Mot. to Shift Certain Fees, Dkt. 107.

NOW, THEREFORE, IT IS HEREBY ORDERED, this 8th day of February, 2024, as follows:

1. "Delaware courts follow the American Rule that 'each party is generally expected to pay its own attorneys' fees regardless of the outcome of the litigation.'" *Pettry v. Gilead Scis., Inc.*, 2020 WL 6870461, at *29 (Del. Ch. Nov. 24, 2020 (quoting *Shawe v. Elting*, 157 A.3d 142, 149 (Del. 2017)). An exception exists in equity, however, when a party litigates in bad faith. *Rice v. Herrigan-Ferro*, 2004 WL 1587563, at *1 (Del. Ch. July 12, 2004). This Court has recognized that in "extraordinary circumstances," "overly aggressive litigation strategies" employed to improperly resist a books and records demand may warrant fee-shifting. *Pettry*, 2020 WL 6870461, at *29-30 (citation and internal quotation marks omitted). A party seeking to shift fees must satisfy "the stringent evidentiary burden of producing 'clear evidence' of bad faith . . . ." *Dearing v. Mixmax, Inc.*, 2023 WL 2632476, at

4

\*5 (Del. Ch. Mar. 23, 2023) (ORDER) (quoting *Beck v. Atl. Coast PLC*, 868 A.2d 840, 851 (Del. Ch. 2005)). To warrant fees, a litigant's conduct must be "glaring[ly] egregious." *Seidman v. Blue Foundry Bancorp*, 2023 WL 4503948, at \*6 (Del. Ch. July 7, 2023).

2. "Abuse of the discovery process provides another basis to shift fees." *Bay Cap. Fin., L.L.C. v. Barnes & Noble Educ., Inc.*, 2020 WL 1527784, at \*11 (Del. Ch. Mar. 30, 2020), *aff'd*, 249 A.3d 800 (Del. 2021). "Rule 37 gives the Court broad discretion to impose sanctions and shift costs for discovery violations." *Pharmerica Long Term Care Inc. v. New Castle RX, LLC*, 2010 WL 5130746, at \*3 (Del. Ch. Dec. 8, 2010).

3. Plaintiff argues that his fees should be shifted onto the Company because he "was required to start this lawsuit and press all the way to trial because Defendant refused to give Plaintiff documents to which he was entitled as a director of ACPDO Parent[,]" and "Defendant unnecessarily ran-up Plaintiff's costs" with an "approach to discovery [that] was patently unreasonable and excessive in its scope." Pl.'s Mot. ¶¶ 1-2. At the same time, the Company contends that Plaintiff's "knowing and intentional discovery misconduct" at issue in the Motion for Inferences warrants fee-shifting. Def.'s Mot. at 1. According to the Company, Plaintiff's conduct "drove up the expense of this dispute[,]" such that he should be ordered to pay most of the fees and expenses incurred in the litigation. *Id*. ¶ 11.

5

4.      Neither party has met the high bar to demonstrate clear evidence of bad faith warranting fee-shifting.

5.      Plaintiff has not shown that the Company acted in bad faith by improperly withholding books and records to which Plaintiff had "'a clearly defined and established right[.]'" *Pettry v. Gilead Scis., Inc.*, 2021 WL 3087027, at *1 (Del. Ch. July 22, 2021) (quoting *McGowan v. Empress Ent., Inc.*, 791 A.2d 1, 4 (Del. Ch. 2000)).  To the contrary, although the Court found Plaintiff was entitled to inspect certain categories of books and records, it also found merit in the Company's position that Plaintiff sought books and records for secondary purposes that included "assisting AHCA in its ongoing investigation, and, to a lesser degree, advancing Plaintiff's other litigations." *See* Post-Trial Final Report at *14.

6.      As for the Company's Motion, the Post-Trial Final Report did conclude that Plaintiff failed to meet his burden to show that he properly withheld information on AHCA's instruction.[3]  But Plaintiff's litigation positions still do not, in my view, reflect an "abuse of process that is manifestly incompatible with justice" or "an attempt to game the system" in bad faith.  *Donnelly v. Keryx Biopharmaceuticals, Inc.*, 2019 WL 5446015, at *6 (Del. Ch. Oct. 24, 2019).  Moreover, the Post-Trial

_____

[3] Post-Trial Final Report at *9.

6

Final Report already remedied any unfairness that Plaintiff's position caused,[4] and both sides share responsibility for the additional expense they incurred in presenting these issues to the Court,[5] which further militates against fee-shifting.

7. The Company's Motion also cites cases in which this Court has shifted fees for extreme discovery misconduct that is not comparable to the position Plaintiff took here. *See, e.g., Bay Cap.*, 2020 WL 1527784, at *1 (partially shifting fees where "[t]he plaintiff's primary case was . . . a bold-faced lie"); *Beck v. Atl. Cost PLC*, 868 A.2d 840, 854 (Del. Ch. 2005) (partially shifting fees where plaintiff's counsel "confessed that he made a conscious decision not to produce certain portions" of documents that "clearly bore on the fitness of [the plaintiff] to serve as a class representative as well as on the viability of [the plaintiff's] own personal claims against" the defendant). I also note that, although the Post-Trial Final Report found

---

[4] *See* Post-Trial Final Report at *10 ("[I]mposing a more moderate remedy by shifting the burden of proof to Plaintiff is the fairest way to address the Company's inability to seek full discovery into Plaintiff's communications with AHCA.").

[5] The Company points out that "Plaintiff refused to answer 107 questions at his deposition based on the purported AHCA investigation." Def.'s Mot. ¶ 20. But that is because the Company repeatedly asked Plaintiff variations of the same question. The Company also spent hours of trial time focused on this issue, rebuffing Plaintiff's attempts to streamline the proceedings by stipulating to identify questions Plaintiff refused to answer at his deposition. *See, e.g., Mellado v. ACPDO Parent Inc.*, C.A. No. 2023-0791-BWD, at 197:6-14 (Del. Ch. Nov. 14, 2023) (TRANSCRIPT) ("[PLAINTIFF'S COUNSEL]: To speed this along, I invite [counsel], if he wants to submit to the Court a piece of paper that says these are the questions and the designations, I'm happy with that. I have no issue with that. The record says what it says. [DEFENSE COUNSEL]: I'm happy to present my case as I choose, sir.").

certain of Plaintiff's representations were "disproven at trial," it further observed that "[t]he Company's failure to produce the AHCA Letter from its own files by the discovery deadline [wa]s likewise concerning . . . ." Post-Trial Final Report at *9; *id*. at *9 n.7.

8. Under the circumstances, I recommend that the Court exercise its discretion to deny both parties' requests for fee-shifting, whether framed under the bad-faith exception to the American Rule or as discovery sanctions.

9. Accordingly, both Motions are DENIED.

10. This is a final report. Exceptions may be taken within three business days pursuant to Court of Chancery Rule 144(d)(2).[6]

*/s/ Bonnie W. David*

Bonnie W. David
Magistrate in Chancery

---

[6] *See* Ct. Ch. R. 144(d)(2) ("In actions that are summary in nature or in which the Court has ordered expedited proceedings, any party taking exception shall file a notice of exceptions within three days of the date of the report.").